### GAYOSOS vs. EXECUTORS OF BALDWIN.

The want of a survey does not exclude parol proof of boundaries.

APPEAL from the court of the third district.

PORTER, J. delivered the opinion of the court. By the pleadings in this action, which is a petitory one, the plaintiffs are put on the proof of their title to the premises sued for. To establish it, they produced a concession from the Spanish government, and of-

Eastern District.
*March*, 1830.

GAYOSOS
*vs.*
BALDWIN'S
EXECUTORS.

fered parol evidence of the boundaries.— This evidence was objected to, and the court declared its opinion to be, that the plaintiffs having never had a survey made of the land claimed by the succession of C. Baldwin, deceased, which is the land in contest, could not prove by parol, the metes and bounds.

We are of opinion the court erred. It appears from the evidence on record, that the land claimed by the petitioners, had been surveyed under the authority of the Spanish government, and a plat of this survey is produced. The land embraced by the limits there given, may be shown by parol evidence. Frequently it can be proved in no other way: the plat of survey being nothing more than a representation of that which is essentially matter *en pais.* On the trial of land cases, it is usually the practice for courts of justice, on application of either party, to order a survey, with directions to the surveyor to run such lines as may be required by the litigants. This is done as a matter of convenience, to enable the court and jury to apply with more facility and correctness, the other proof which may be offered of the *locus in*

Eastern District.
*March*, 1830.

GAYOSOS
*vs.*
BALDWIN'S
EXECUTORS.

*quo.* But this survey makes no proof in itself of the truth of the lines traced on the plat returned into court. It is not evidence *per se*, but the means used to apply evidence. The want of it, therefore, does not prevent the introduction of parol proof, though its absence may render the application of that proof more difficult. If the plaintiffs title calls for natural boundaries, or other limits which exist *in fact*, and the defendant's claim or concession does the same; there is often no other means of showing where these boundaries are, but by parol evidence. The lines traced by the surveyor on paper, might give a picture of them, but could not establish their existence. If, from the nature of the case, it was impossible for the court to ascertain the extent of the interference of the titles without a survey, the judge had the power to continue the cause, and order one, or after having heard the testimony, nonsuit the plaintiff, for not making his case sufficiently clear. But the bill of exceptions presents for our opinion the naked question, whether the want of a survey, giving a representation of the lines of the land claimed, excludes parol proof of the boundaries? and that question we feel com-

pelled to answer in the negative. See the <span>Eastern District.</span> case of *Milligan's heirs* vs. *Hargrove, vol. March*, 1830. 344, where the effect of surveys made under an order of court was fully gone into.

GAYOSOS
*vs.*
BALDWIN'S
EXECUTORS.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and it is further ordered, adjudged and] decreed, that the case be remanded to the district court, with directions to the judge not to reject parol proof on behalf of the plaintiffs, to show the boundaries of the land in dispute, because a survey had not been made by them of it. And it is further ordered and decreed, that the appellees pay the costs of this appeal.

*Smith & Conrad* for appellants, *Hennen* for appellees.